Attorneys—Not given.

-----

No. 624

OLSON CONSTRUCTION CO. v. MARSHALL

Ohio Appeals, Seventh District, Mahoning County
Decided March 8, 1923

This opinion has not been published except in Abstract.

JURY TRIALS—(1) Right of counsel to inquire as to whether any of the jurors are employed by liability companies.

NEGLIGENCE—(2) Agent acting within scope of employment—(3) Excessive verdict.

ROBERTS, J.

Epitomized Opinion

This is an action for personal injuries brought by Marshall against the Victor Olson Construction Company. The evidence disclosed that the plaintiff was a passenger in an automobile which collided with a truck which truck was permitted to stand along the curb of a street in Youngstown without lights. The evidence also disclosed that the company permitted Houston to take the machine home and leave it in his back yard to remain over Sunday. Instead of putting the truck in the back yard, Houston left the same standing along the curb while he went to a store to procure lights. During the examination of the jury attorney for the plaintiff asked the jurymen collectively if any of the members were employed by any liability insurance company or agent of any such company. To this inquiry the defendant objected, which objection was overruled. The jury returned a verdict for plaintiff in the sum of $12,000. Defendant prosecuted error to the Court of Appeals. Held, in sustaining the judgment:

1. Where counsel for a party acts in good faith, he may question the jury as to whether any of the members are employed by a liability insurance company for the purpose of ascertaining whether or not they are qualified to act as jurors in the trial of the case before them.

2. Although the leaving of the truck in the street may be considered a deviation from the understanding of the master, yet it was not such a deviation as would relieve the master from liability.

3. As to the injury to the secro-iliac joint, as it did not seem to be so severe as to warrant a recovery of $12,000, the court ordered a remittaing in the sum of $4,000.

Attorneys—Pfau & Carlyle and J. P. Huxley, for Construction Co.; John Ruffalo, for Marshall.

No. 625

ARNOLD v. TRAUBERMAN and HUBER

Ohio Appeals, First District, Hamilton County
No. 2182. Decided June 18, 1923

This opinion has not been published except in Abstract.

NEGLIGENCE—Automobile collision causing injury to pedestrian.

HAMILTON, J.

Epitomized Opinion

Trauberman sued Arnold and Huber for personal injuries and recovered judgment against Arnold in Cincinnati Municipal Court. Common Pleas affirmed the judgment. Arnold prosecuted error to this court on grounds that charge of Municipal Court was erroneous, and judgment was against weight of evidence. Trauberman was injured when the automobiles of Arnold and Huber collided, crashing Huber's automobile into boulevard light which snapped off and struck Trauberman, who was standing nearby. Court of Appeals in affirming judgment held:

1. The judgment is supported by the evidence.

2. There was no prejudicial error in the charge of the court to the jury on the law applicable to the case.

Attorneys—Taft & Taft, for Arnold; DeCamp, Sutphin & Brumleve, for Trauberman and Huber.